**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION |
| VERSUS | NO. 14-2772 |
| RICHARD FAIRBANKS, ET AL. | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendants' motion to dismiss and Plaintiff's motion for summary judgment. (Rec. Docs. 11, 17). The Court has considered the parties' memoranda and the applicable law and now issues this order.

## I.   BACKGROUND

This case involves Plaintiff Johnny Duncan's claim for damages against his bank due to a late check sent from his account. Mr. Duncan is a customer of Capital One, N.A., ("Capital One") where he maintains a deposit account which has an online "bill payer" service. The bill payer service allows customers such as Mr. Duncan to have Capital One deliver bill payments from their accounts. Capital One explains that its bill payer service either transfers funds electronically or sends a physical check to the payee via mail. According to Capital One, its Online Banking Terms and Conditions provide that the customer is responsible for ensuring that bill payments are timely submitted to the payee.

On December 9, 2013, Mr. Duncan requested a bill payment to USAA for an insurance payment, with a scheduled payment date of December 12, 2013. Capital One mailed a physical check to USAA on December 12, 2013, which was received by USAA after December 12, 2013 and deposited by USAA on December 17, 2013. According to Mr. Duncan, the payment to

USAA was late and caused USAA to initiate cancellation proceedings on Mr. Duncan's account, which he had held for many years.

Mr. Duncan brought this action *pro se* against Capital One, its parent entity, its affiliate, and parent CEO Richard Fairbank[1] (collectively, the "Capital One Defendants") alleging state breach of contract and tort claims, and federal claims under the Fourteenth Amendment and Civil Rights Act of 1866, on the theory that Capital One discriminated against him on the basis of race.

## II.    PRESENT MOTIONS

### A.    Motion to Dismiss

The Capital One Defendants now move to dismiss Mr. Duncan's claims under Rule 12 of the Federal Rules of Civil Procedure. (Rec. Doc. 11). First, they argue that Mr. Duncan has no contract with the parent, affiliate, or parent CEO, thus those claims should be dismissed. Second, they argue that all Mr. Duncan's claims should be dismissed for failure to state a claim because no breach of contract or tort occurred. Specifically, the Capital One Defendants argue that Capital One complied with its responsibilities under the bill payer program and mailed out the check on the date scheduled by Mr. Duncan. Moreover, they argue that the Online Banking Site, and the contract behind it, limits their liability here. Finally, they argue that Mr. Duncan has failed to state a civil rights claim, emphasizing that none of the Capital One Defendants even knew the race of Mr. Duncan.

Mr. Duncan opposes dismissal and requests summary judgment in his favor in the alternative. (Rec. Doc. 12). Mr. Duncan re-asserts that the Capital One Defendants are at fault for

---

[1] The Capital One Defendants note that Mr. Fairbank was incorrectly named as Mr. Fairbanks.

the late payment, argues that Capital One scheduled the payment, and that his loan documentation demonstrated his race to Capital One.

The Capital One Defendants reply, by leave of Court. (Rec. Doc. 14), rebutting Mr. Duncan's arguments and noting that regardless of whether Mr. Duncan's loan documentation contained information about his race, there is still no plausible basis that his race played any role in the handling of his online bill payment transaction.

### B.      Motion for summary judgment

Mr. Duncan also moves for summary judgment.[2] His summary judgment motion is premature, as the case is only at the Rule 12(b) stage. Therefore, the Court will deny his motion for summary judgment.

## III.    DISCUSSION

### A.      Standard of law

Ordinarily, the Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a

---

[2] Mr. Duncan's motion is entitled a "motion for leave to file a cross claim for summary judgment." Liberally construing this pro se pleading, the Court understands it to be a motion for summary judgment and construes it as such.

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

      **B.**      **State contract claims**

      The Court first addresses whether Capital One's parent, affiliate, and parent CEO are entitled to dismissal of the state law contract claims. The Capital One Defendants note that the contractual language is clear that although generally the term "Capital One" encompasses all related entities, with respect to the Online Banking Site, "Capital One" only refers to the particular entity and excludes other affiliated entities. It is undisputed that the allegations at the center of this dispute stem from the Online Banking Site, thus Mr. Duncan's claims are properly restricted to those against Capital One, N.A. Therefore, the state contract claims against all Capital One Defendants except for those against Capital One, N.A, are dismissed.

      As to the contract claims against Capital One, N.A., however, the Court must analyze the motion on the merits. The Court considers whether Mr. Duncan's state law contract allegations fail to state a claim. The parties agree that Mr. Duncan and Capital One entered into a contract for banking services. Because this motion comes under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2011). Viewing the facts most favorably to Mr. Duncan, Mr. Duncan has a plausible claim for breach of contract. According to Mr. Duncan, Capital One did not meet the "Deliver By" date, which was chosen as December 12, 2013. Rather, he alleges that Capital One merely *mailed* the check by December 12, 2013, rather than *delivering* it to USAA *by* December 12, 2013. Based on these allegations, dismissal under 12(b)(6) is inappropriate as to the state contract claims against Capital One, N.A.

Although Capital One argues that it is protected by the contract's provisions regarding limitation of liability ("Our Responsibilities for Bill Payments and Funds Transfers"), in light of Mr. Duncan's allegations this argument does not demonstrate that Mr. Duncan's case should be dismissed. Mr. Duncan's complaint alleges that Capital One failed to comply with the "Deliver by" date requirements. In contrast, the applicability of these provisions quoted by Capital One turn on the Payee's Due Date. Because Mr. Duncan's allegations focus on the "Deliver by" date and not the Due Date, the limitation of liability provisions do not indicate that Mr. Duncan's case should dismissed under 12(b)(6).[3]

Even though the Court declines to dismiss Mr. Duncan's contractual allegations under Rule 12(b)(6), the claims may be worth revisiting on summary judgment, at the appropriate time. The Court thus reserves Capital One's right to bring a motion for summary judgment at the appropriate time.

### C.    State tort claims

Although Mr. Duncan cites Louisiana Civil Code articles 2315 or 2317 to assert state tort claims, he asserts no facts to provide support for any state tort claims. Rather, as explained above, Mr. Duncan's state claims are based in his contract with Capital One. Therefore, Mr. Duncan's state tort claims are dismissed.

### D.    Constitutional claims

Mr. Duncan also makes a claim under the Fourteenth Amendment of the U.S. Constitution and generally asserts other constitutional claims. First, the Court notes that the Fourteenth Amendment has no application to Mr. Duncan's case, as there is no allegation that he

---

[3] This same rationale applies to the Capital One Defendants' other limitation of liability arguments under the Terms and Conditions and the Rules Governing Deposit Accounts. In light of Mr. Duncan's allegations, his case may fall in the "except as otherwise provided" category, which would render the limitation of liability provisions inapplicable here. Thus, 12(b)(6) dismissal is inappropriate.

suffered any state action, but rather alleges that he suffered from a private party. *See Shelley v. Kraemer,* 334 U.S. 1, 13, (1948). Moreover, Mr. Duncan does not explain how any other constitutional provision might be applicable to his case. Therefore, Mr. Duncan's constitutional claims are dismissed.

### E.  Federal Civil Rights Act claims

Next, the Court must address Mr. Duncan's Civil Rights Act claims. Specifically, he makes claims under § 1981, §1982, and § 1983 of Title 42 of the U.S. Code.

First, the Court dismisses Mr. Duncan's § 1983 claim because, under his allegations, he cannot show that the Capital One was acting under the color of state law. Rather, the allegations all indicate that Capital One was a private actor without any nexus to state activity.

The Court next turns to Mr. Duncan's allegations under § 1981 and § 1982, which involve discrimination in the commercial context. As the Court noted above, Mr. Duncan only entered a contract with Capital One, and all the other Capital One Defendants are not parties to the contract. Thus, just as with the state contract claims, Mr. Duncan's § 1981 and § 1982 claims against the parent, affiliate, and parent CEO are dismissed.

As to Mr. Duncan's § 1981 and § 1982 claims against Capital One, N.A., however, viewing the facts most favorably to Mr. Duncan at this 12(b) stage, Mr. Duncan has alleged a plausible claim. These civil rights claims require that the alleged discrimination involved in the contract occur on the basis of Mr. Duncan's race. Although Capital One is correct that Mr. Duncan does not specifically state how he was discriminated against on the basis of his race, his complaint, when viewed as a whole, clearly suggests his theory that he was discriminated against based on his race. *See e.g., Erickson v. Pardus*, 551 U.S. 89 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers . . .") (internal citations omitted). Moreover, Mr. Duncan notes in his opposition brief that Capital One knew his race based on information disclosed during his loan application. Considering these allegations, Mr. Duncan's remaining civil rights claims are plausible and should not be dismissed at the 12(b)(6) stage.

IV.     **CONCLUSION**

Accordingly, **IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, as provided herein.

**IT IS FURTHER ORDERED** that Mr. Duncan's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this 6th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE