UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION |
| VERSUS | NO. 14-2772 |
| RICHARD FAIRBANKS, ET AL. | SECTION "L" |

**ORDER AND REASONS**

Before the Court is Defendant Capital One, N.A.'s motion for summary judgment dismissing Plaintiff's remaining breach of contract and discrimination claims. (Rec. Doc. 29). The time for Plaintiff's written response has expired.  The Court advised the Plaintiff of the consequences of failing to file a response.  As of the date of submission, Plaintiff still had not filed any response.  The Court has considered the Defendants' memorandum and the applicable law and now issues this order.

This case involves Plaintiff Johnny Duncan's claim for damages against his bank due to an alleged late check sent from his account.  Plaintiff is a customer of Capital One, N.A., ("Capital One") where he maintains a deposit account which has an online "bill payer" service. The bill payer service allows customers such as Plaintiff to have Capital One deliver bill payments from their accounts.  Capital One explains that its bill payer service either transfers funds electronically or sends a physical check to the payee via mail. According to Capital One, its Online Banking Terms and Conditions provide that the customer is responsible for ensuring that bill payments are timely submitted to the payee.

On December 9, 2013, Plaintiff requested a bill payment to USAA for an insurance payment, with a scheduled payment date of December 12, 2013. Capital One mailed a physical check to USAA on December 12, 2013, which was received by USAA after December 12, 2013

and deposited by USAA on December 17, 2013. According to Plaintiff, the payment to USAA was late and caused USAA to initiate cancellation proceedings on Plaintiff's account, which he had held for many years.

Plaintiff brought this action *pro se* against Capital One, its parent entity, its affiliate, and parent CEO Richard Fairbank[1] (collectively, the "Capital One Defendants") alleging state breach of contract and tort claims, and federal claims under the Fourteenth Amendment and Civil Rights Act of 1866, on the theory that Capital One discriminated against him on the basis of race.  The Capital One Defendants moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This Court dismissed Plaintiff's state tort claims, constitutional claims, and §1983 claim.  The only claims which remain are Plaintiff's state contract and Federal Civil Rights claims for race discrimination under 42 U.S.C. §1981 and §1982 against Defendant Capital One, N.A.

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** due to Plaintiff's failure to file a timely response.  Additionally, this Court notes that the evidence does not support Plaintiff's claims.  Plaintiff cannot establish any breach of contract.  Capitol One provided evidence that it satisfied all contractual obligations in handling Plaintiff's December 9, 2013 bill payment request.  Plaintiff also cannot establish a civil rights violation.  There is no evidence to suggest that any employee involved with online bill payments, either at Capital One or its online check program administrator Fisterv, had any knowledge of Plaintiff's race or access to any alleged documentation reflecting his race.

---

[1] The Capital One Defendants note that Mr. Fairbank was incorrectly named as Mr. Fairbanks.

New Orleans, Louisiana, this 6th day of November, 2015.

                                                                                                 _____
                                                                                                  UNITED STATES DISTRICT JUDGE